## MACKIE v. ERHARDT.

(Circuit Court of Appeals, Second Circuit. December 17, 1896.)

CUSTOMS DUTIES—CLASSIFICATION—"THOMPSON'S PRUNE WINE."

"Thompson's Patent Prune Wine," compounded principally of raisins and prunes crushed in water and fermented, with some alcohol afterwards added to prevent souring, and containing between 14.6 and 16.28 per cent. of alcohol at the time of importation, was dutiable as an "alcoholic compound," under Schedule A (Tariff Index, New, par. 103) of the act of March 3, 1883, and not as a nonenumerated manufactured article, under Rev. St. § 2513. 59 Fed. 771, affirmed.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action at law by Schuyler Mackie against Joel B. Erhardt, late collector of the port of New York, to recover back an alleged excess of duties paid under protest on certain importations, made during the summer of 1889, of the so-called "Thompson's Patent Prune Wine." The collector classified the same as an "alcoholic compound," and assessed the duty at the rate of two dollars per gallon for the alcohol contained therein, and 25 per cent. ad

valorem under Schedule A (Tariff Index, New, par. 103) of the act of March 3, 1883, which reads as follows:

"103. Alcoholic compounds, not otherwise specially enumerated or provided for, two dollars per gallon for the alcohol contained and 25 per centum ad valorem."

Against this classification the plaintiff duly protested, claiming the importations to be dutiable under the provisions of section 2513, Rev. St. U. S., as amended by the tariff act of March 3, 1883, at 20 per cent. ad valorem, as a nonenumerated manufactured article. The importer duly appealed to the secretary of the treasury, who affirmed the assessment of duty by the collector. From the testimony of the manufacturer, taken by deposition, it appeared that the prune wine in question was manufactured in Dublin, Ireland, by crushing raisins and prunes in water, allowing the resulting compound to ferment, drawing the liquid into casks, and depositing the same in bonded warehouse, where a certain amount of alcohol was added to the mixture by the British excise or customs officers at the cost of and on behalf of the manufacturer; that about 6 per cent. of alcohol was evolved by the fermentation of the raisins and prunes, and that this amount, together with the alcohol added by the British excise officers, was necessary to prevent the compound from further fermenting and becoming sour and unmerchantable; that the prune wine would not be a salable article without the presence of the alcohol contained therein. It also appeared from the testimony that the liquor was never used as a beverage in the nature of wine, but was employed exclusively in mellowing and aging whiskies and other liquors. On the trial it was proved by the chemist's reports furnished to the appraiser that the amount of alcohol contained in the merchandise as imported varied between 14.6 per cent. and 16.28 per cent. by weight, and by volume between 18.9 and 20 per cent. The court held that the collector's classification was correct, and directed a verdict for defendant. See 59 Fed. 771. The plaintiff brought error.

Stephen G. Clarke, for plaintiff in error.

Wallace McFarlane, U. S. Dist. Atty., and James T. Van Rensselaer, Asst. U. S. Dist. Atty., for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. We conclude that the ruling of the trial judge in this case should be affirmed upon the authority of Smith v. Rheinstrom, 13 C. C. A. 261, 65 Fed. 984, decided by the circuit court of appeals for the Sixth circuit. According to that decision, importations quite similar to those in the present case, and containing about the same percentage of alcohol, were properly classified as an "alcoholic compound," because falling within the meaning of that term by common acceptation. We do not feel justified, upon doubtful considerations of the true meaning of the term, to place a different construction upon it. The judgment is affirmed.