## UNITED STATES v. SHOEMAKER.

(Circuit Court, S. D. New York. December 9, 1897.)

No. 1,897.

CUSTOMS DUTIES—PROPRIETARY PREPARATION.
A preparation called "Bovrill Wine," labeled "Nutritious Tonic," composed of port wine, extract of beef, and extract of malt, and containing 17.90 of alcohol, was dutiable under paragraph 74 of the act of 1890, as a proprietary preparation containing alcohol, and not under paragraph 336, providing for still wines, etc.

This was an appeal by the United States from a decision of the board of general appraisers in respect to the classification for duty of certain imported merchandise.

James T. Rensselaer, Asst. U. S. Atty.
Albert Comstock, for defendant.

WHEELER, District Judge. The tariff act of 1890 provides for a duty, by paragraph 74, on all medicinal preparations, including medicinal proprietary preparations of which alcohol is a component part, or in the preparation of which alcohol is used, not specially provided for in this act, 50 cents per pound; and by paragraph 75, on the same "of which alcohol is not a component part, thirty-five per centum ad valorem"; and, by paragraph 336, still wines, including ginger wine or ginger cordial and vermuth, in casks, 50 cents per gallon; in bottles or jugs, per case of one dozen bottles or jugs, containing each not more than one quart, and more than one pint, or twenty-four bottles or jugs, containing each not more than one pint, $1.60 per case.

The defendant imported a preparation called "Bovrill Wine," labeled "Nutritious Tonic," composed of port wine, extract of beef, and extract of malt, and containing 17.90 of alcohol, which is about the same proportion of alcohol as is contained in port wine. It has been assessed as a still wine, under paragraph 336. That, with this quantity of alcohol, it may be assessed as an alcoholic compound, is shown by Mackie v. Erhardt, 23 C. C. A. 351, 77 Fed. 610. Still wines are provided for with sparkling wines, as beverages, and do not seem to include such special preparations as this, except those mentioned. Therefore this should have been assessed as a proprietary preparation containing alcohol, under paragraph 74. Decision reversed.